IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACKIE G. MILLER, | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
| vs. | )   Case No. 14-cv-333-DRH |
| | ) |
| WILLIAMSON COUNTY | ) |
| CORRECTIONAL CENTER, | ) |
| BENNIE VICK, and | ) |
| CHARLES GARNATI, | ) |
| | ) |
|         Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Jackie G. Miller, by and through attorney Joshua M. Bradley, brings this habeas corpus action to challenge the constitutionality of his confinement as a pretrial detainee in the Williamson County Correctional Center ("Jail") in Williamson County, Illinois. This is the second petition filed by petitioner Miller and attorney Bradley.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition and exhibits in the present case, the Court

concludes that petitioner is not entitled to relief, and the current petition (Miller's second petition) must be dismissed.

## I. The Proper Respondent

As a preliminary matter, petitioner is *again* admonished that the respondent in a habeas corpus proceeding is the person who has immediate custody over the petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Consequently, neither the Williamson County Correctional Center nor State's Attorney Garnati is a proper respondent.[1] *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) (any respondent who is not the prisoner's custodian should be dropped from the action). Sheriff Bennie Vick is purportedly Miller's custodian and, therefore, shall remain as the sole respondent.

## II. Procedural History and the Nature of the Petition

Miller's first petition was filed on October 17, 2013: *Miller v. Williamson County Correctional Center*, No. 13-cv-1078-DRH (S.D. Ill., dismissed without prejudice, Nov. 8, 2013). In essence, the first petition challenged the constitutionality of the charges lodged against Miller and his continued confinement, which Miller attributed to prosecutorial misconduct. Which

---

[1] The attorney general of a state may be named as a respondent only if the petitioner is not currently confined, but expects to be taken into custody. *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). While the charges brought by State's Attorney Garnati are at issue in this case, he is not the Attorney General of Illinois, nor is he petitioner's custodian; thus he should not be named as a respondent.

Williamson County case or cases were being challenged was not entirely clear (*see* No. 13-cv-1078-DRH, Doc. 8, p. 2 (Williamson County Case Nos. 2012-CM-176 and 2012-CM-363 were cited in the first petition and there was a suggestion of a third case)). The first petition was dismissed without prejudice (No. 13-cv-1078-DRH, Doc. 8).

The second petition appears to be somewhat of a continuation of, and extension of the first petition, indicating that additional cases have been brought: Williamson County Case Nos. 2013-CF-102 and 2014-CF-68. Also, Williamson County Case Nos. 10-CF-347, 2012-CF-59 and 2012-CF-57 are referenced as pending cases linked to Case No. 2013-CF-102. It is also asserted that "there are charges now pending for which [petitioner] has never received an arraignment." As in the first petition, Miller continues to assert that "all charges" are the production of prosecutorial misconduct. He also explains that his most recent bail (which appears to be applicable to multiple cases) was increased from $100,000 or 10% to $1,000,000 or 10%, which he considers unwarranted, excessive and a violation of his rights under the Eighth amendment. Petitioner prays that "all charges" be dismissed.[2]

Petitioner has now filed a motion for leave to file an amendment to the second petition (Doc. 6). He wants to have his affidavit and a copy of the docket sheet for Case No. 2014-CF-68 included as exhibits to the petition. Although

---

[2] Miller also has filed two civil rights cases in this Court based on tangential events: *Miller v. Williamson County*, No. 13-CV-277-JPG (S.D. Ill. dismissed without prejudice per stipulation of the parties Feb. 12, 2014); and *Miller v. Williamson County*, No. 14-CV-385-MJR (S.D. Ill. filed March 26, 2014).

Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to amend its pleading once as a matter of course within 21 days after serving it, Plaintiff has not filed an amended complaint, *per se*. Consistent with Federal Rule of Civil Procedure 8(a), amendment by interlineation is not permitted; a single document is required. In any event, the Court will allow the exhibits to be filed independent of the petition and those exhibits will be considered as the petition undergoes preliminary review.

Even considering the additional exhibits, it is not entirely clear which case or cases Miller is challenging. Similar to the pleading standards prescribed in Federal Rule of Civil Procedure 8(a), Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (which is equally applicable to petitions brought pursuant to 28 U.S.C. §§ 2254 and 2241) requires the grounds for relief to be clearly stated—which would surely require the basis of custody in a petition for writ of habeas corpus to be clearly stated.

The petition also does not specifically invoke either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Because it alleges that petitioner is being held pending a trial, he does not appear to be "in custody pursuant to a judgment of a state court" within the meaning of Section 2254. Accordingly, the petition shall be construed as having been brought pursuant to Section 2241. *See Neville v. Cavanagh*, 611 F.2d 673, 674 (7th Cir. 1979) ("federal courts in certain instances have jurisdiction under 28 U.S.C. § 2241(c)(3)" to grant writ to pretrial detainee in state custody) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.

484 (1973)).

### III. The Petition

Based on the allegations in the petition and the supporting documentation, the shotgun-style petition is construed as follows.

Charges of aggravated domestic battery and unlawful restraint were lodged against Miller in Franklin County, Illinois: Case No. 11-CF-236. Miller pled guilty and was released on bond, but his bond was subsequently revoked because he allegedly harassed witness Patricia Russell, Miller's ex-wife and the apparent victim of the underlying battery and restraint. When Russell failed to appear at a hearing, the Franklin County bond was reinstated.

Despite the Franklin County witness harassment charge being dismissed, Williamson County State's Attorney Charles Garnati charged petitioner based on the same alleged events. Petitioner contends that that charge was brought in violation of Illinois Rule of Professional Conduct, Rule 3.8.[3]

Again, it is unclear when Miller was charged in Williamson County and in which case. It is also alleged that Garnati's alleged "misconduct" has "tainted the entirety of the cases against [petitioner], wherein he is not able to receive a hearing free from relief . . . ."

It is further alleged that petitioner spent 185 days in custody relative to Case No. 2012-CM-363. It is also alleged that petitioner was held in "his previous

---

[3] Rule 3.8 is titled, "Special Responsibilities of a Prosecutor" and provides, in pertinent part: "The duty of a public prosecutor is to seek justice, not merely to convict. The prosecutor in a criminal case shall: (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause[.]"

case"—presumably No. 2012-CM-363—in violation of his right to a speedy trial.

Ultimately, petitioner asserts that he is entitled to federal relief because he is being held in violation "statute and law," and in violation of his constitutional rights. Petitioner Miller asks that "all charges" against him be dismissed.

## IV. Discussion

The present petition is very similar to the first petition filed by Miller, and it suffers from the same flaws.

> The only basis for granting federal habeas relief is a violation of federal statutory or constitutional law. *Mosley v. Moran*, 798 F.2d 182, 185 (7th Cir. 1986). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982).

*Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987).

In the interest of comity between federal and state courts, a habeas petitioner must exhaust his state court remedies before seeking relief in federal court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-92 (1973); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). In order to exhaust a claim, a federal habeas petitioner must provide the state courts with an opportunity to resolve his constitutional challenge "by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Petitioner Miller gives no indication that he has even attempted to exhaust his potential remedies within the state courts, let alone completed the presentation of his claims to the highest state court where he may obtain review. Rather, the allegations in the petition and the supporting

documentation suggest quite strongly that Miller has not exhausted state remedies.

In any event, under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances[4] exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

The *Younger* abstention doctrine is implicated here because the ongoing proceedings in Williamson County (and perhaps Franklin County, too) are judicial in nature and involve the important state interest of pretrial detention and adjudicating violations of state criminal laws. Further, there is no indication that the state proceedings would not provide petitioner with an adequate opportunity for review of any constitutional claims that would undercut the pending criminal charges. State courts are competent to address speedy trial rights. This Court will assume that state procedures will provide petitioner with an adequate

---

[4] It has also been stated that federal court should not interfere with pending state judicial proceedings unless "special circumstances" exist. *See also Braden*, 410 U.S. at 489; *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)); *Neville*, 611 F.2d at 675.

remedy, in the absence of unambiguous authority to the contrary. *FreeEats.com v. Indiana*, 502 F.3d 590, 598 (7th Cir. 2007).

Relative to whether there are "extraordinary" or "special" circumstances that would override *Younger* abstention, such circumstances are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573. The Seventh Circuit has further explained that the *Younger* doctrine permits federal habeas relief only where "immediate federal intervention is necessary to prevent the challenge [to the legality of his custody] from becoming moot. *Sweeney*, 612 F.3d at 573 (prisoner facing commitment as a "sexually violent person" moved to dismiss state case, exhausted state interlocutory appeal, then applied for federal habeas relief while state commitment proceeding was still pending).

Again, either a speedy trial challenge or a double jeopardy challenge would meet this test. *Id.*; *see also Neville*, 611 F.2d at 676 (contrasting a double jeopardy claimant, who has already "endured the rigors of a criminal trial," with a petitioner who has not yet been tried on any pending indictment). Although petitioner asserts there has been a speedy trial violation, he does not provide sufficient information to adequately plead such a claim under Federal Rule of Civil Procedure 8 and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Miller may even be intimating that there has been a double jeopardy violation, but, again, any such claim has not been adequately pled. The allegations of a speedy trial violation and a double jeopardy violation

are not sufficient for the Court to conclude that federal intervention is necessary at this time in order to prevent a violation of petitioner's constitutional rights.

Petitioner also contends that he is now being held because his bail is excessive and arbitrary. The focal point of Miller's argument is that his bail was increased because he failed to appear at a hearing. Miller contends that he did not appear because his counsel told him his appearance was not required. Miller's motion for reduction of the $1,000,000/10% bond was argued and denied in state court.

In *Gerstein v. Pugh,* 420 U.S. 103, 108 n. 9 (1975), a civil rights case, the Supreme Court observed that *Younger* abstention was not applicable to challenges to pretrial detention because such a claim is not cognizable in the criminal prosecution. In *Sistrunk v. Lyons,* 646 F.2d 64 (3rd Cir. 1981), pretrial habeas relief was available to challenge excessive bail. And, in a civil commitment matter, the Seventh Circuit stated that "[A] person who is in state custody awaiting a determination by the state courts of the legality of his custody may seek federal habeas corpus to challenge that custody without being barred by the *Younger* doctrine if immediate federal intervention is necessary to prevent the challenge from becoming moot." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Miller's situation is sufficiently perishable.

> "In determining whether the bail is 'reasonably calculated,' the federal courts cannot be expected to conduct a *de novo* bond hearing for every habeas corpus case that comes before it. This would not only further burden the federal court system that now is having difficulty dealing with the increasing number of habeas corpus

petitions, but would also represent an *unwarranted interference in the operation of the state's criminal justice system.*"

*United States ex rel. Garcia v. O'Grady*, 812 F.2d 347, 352 (7th Cir. 1987) (quoting *United States ex rel Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984)) (emphasis added in *O'Grady*). The *only* issue to be resolved is whether the state judge acted arbitrarily in setting bail. *O'Grady*, 812 F.2d at 352; *Fitzgerald*, 747 F.2d at 1133. Miller's assertion of excessive bail fails as pled, even without reviewing the full record.

Miller offers little more than a bare assertion that a $1,000,000/10% bail is excessive. *Cf. United States v. Szott,* 768 F.2d 159, 160 (7th Cir. 1985) (defendant's bare allegation that he could not make bail insufficient to overturn lower court's determination that bail was appropriate). Miller does not deny that he missed a court appearance; rather he asks the federal court to buy into his excuse, reweigh the evidence and reduce his bail—presumably to the $50,000/10% requested in the motion to reduce bond (*see* Doc. 6-3, p. 1). As already noted, that sort of *de novo* review is inappropriate. A missed appearance, a growing number of charges, and the nature of the charges, all provide a sufficient basis for this Court to conclude that the state court did not act arbitrarily.

Again, it must be kept in mind that federal habeas relief can only be granted under Section 2241 if the applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The alleged violation by State's Attorney Garnati of a state rule of professional conduct does

not rise to the level of a constitutional harm. Rule 3.8 is an ethical rule to set standards of conduct for public prosecutors, particularly where the prosecutor's action would affect the constitutional rights of criminal defendants.[5] However, this Court is unaware of any authority stating that a violation of this rule, even if proven, is *per se* a violation of the corresponding constitutional right.

To the extent that petitioner may be implying that Garnati brought the Williamson County charges in bad faith—which may allow for an exception to *Younger* abstention—the petition does not establish grounds for relief on that basis. A federal court may halt the progress of a pending state criminal proceeding on a "showing of bad faith, harassment, or any other unusual circumstances that call for equitable relief." *Younger*, 401 U.S. at 54; *Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir. 1993). However, these exceptions provide only a very narrow gate for federal intervention in pending state criminal proceedings, as illustrated in a long line of Supreme Court cases. *Arkebauer*, 985 F.2d at 1358 (citing *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (in the *Younger* context, bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction") and *Huffman v. Pursue*, *Ltd.*, 420 U.S. 592, 611 (1975) (referring to "these narrow exceptions")).

---

[5] The official comment to the Illinois Rules of Professional Conduct includes the language quoted by petitioner ("The state's attorney in his official capacity is the representative of all the people, including the defendant, and it was as much his duty to safeguard the constitutional rights of the defendant as those of any other citizen." *People v. Cochran*, 313 Ill. 508, 526 (1924)) (Doc. 3, p. 2, ¶ 13). The comment further states that, "Rule 3.8 is intended to remind prosecutors that the touchstone of ethical conduct is the duty to act fairly, honestly, and honorably."

The Seventh Circuit has further elaborated on these standards, finding that "[t]he harm posed by bad faith prosecution [must be] both immediate and great, and defending against the state proceedings would not be an adequate remedy at law because it would not ensure protection of the plaintiff's federal constitutional rights." *Collins v. County of Kendall, Ill.*, 807 F.2d 95, 98 (7th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987). When a plaintiff asserts bad faith prosecution as a *Younger* exception,

> [the plaintiff] must allege specific facts to support an inference of bad faith. "The *Younger* rule, as applied in *Hicks* [*v. Miranda*, 422 U.S. 332 (1975)], requires more than a mere allegation and more than a 'conclusory' finding to bring a case within the harassment exception." *Grandco Corp. v. Rochford*, 536 F.2d 197, 203 (7th Cir. 1976).

*Collins*, 807 F.2d at 98; *see also Arkebauer*, 985 F.3d at 1358-59.

Miller has offered only a conclusory assertion that Garnati acted in bad faith because he pressed charges similar to those dropped in Franklin County. A witness's failure to appear in one action, leading to dismissal of a charge, does not, by itself, indicate that there is no probable cause to support a separate action based on the same underlying allegations.

To summarize, the petition does not present any basis for this Court to intervene in any of the pending state prosecutions, to dismiss any charges, to order petitioner's release from state custody, or to reduce his bail. Therefore, the petition shall be dismissed with prejudice.

### V. Disposition

**IT IS HEREBY ORDERED** that petitioner's motion to amend and/or supplement the petition (Doc. 6) is **GRANTED**, in that the exhibits attached to that motion shall be filed and linked to the petition (Doc. 3).

**IT IS FURTHER ORDERED** that, for the reasons stated, the petition (Doc. 3) is **DISMISSED** with prejudice. Respondents **WILLIAMSON COUNTY CORRECTIONAL CENTER**, **BENNIE VICK** and **CHARLES GARNATI** are **DISMISSED** with prejudice. Judgment shall enter accordingly.

Should Miller desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R.App. P. 22(b); 28 U.S.C. § 2253(c)(1); *see also Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). While a petitioner need not show that his appeal will succeed, *Miller–El v. Cockrell,* 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (citation omitted). If the district court denies the

request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)–(3).

As discussed above, that standard has not been met relative to any of the arguments presented in the petition. The Court concludes that reasonable jurists would not find the Court's decision debatable or incorrect. Therefore, the Court **DECLINES** to issue a certificate of appealability. Pursuant to Federal Rule of Appellate Procedure 22(b), Miller may present his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this district court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a).

**IT IS SO ORDERED.**
**Signed this 8th day of April, 2014.**

David R. Herndon
2014.04.08
17:16:20 -05'00'

**Chief Judge**
**United States District Court**